NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0918-22

J.P. ELECTRIC, INC.,
properly identified as JUAN
PEREZ ELECTRIC CO.,

      Plaintiff-Respondent,

and

JUAN PEREZ,

      Plaintiff/Third-Party
      Defendant-Respondent,

v.

LPMG CONSTRUCTION
MANAGEMENT, LLC,

      Defendant/Third-Party
      Plaintiff-Appellant,

and

1 NORTH BOSTON, LLC,
and DAVID NOVOTNY,

      Defendants,

and

DAVID PRATTS,

      Defendant/Third-Party

> **APPROVED FOR PUBLICATION**
>
> **November 2, 2023**
>
> **APPELLATE DIVISION**

Defendant.

_____

Submitted October 23, 2023 – Decided November 2, 2023

Before Judges Sabatino, Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0219-18.

Brian E. O'Neill (Elliott Greenleaf, PC), attorney for appellant.

Respondents have not filed a brief.

The opinion of the court was delivered by

SABATINO, P.J.A.D.

This appeal involves a straightforward application of the terms of the Offer of Judgment provisions in Rule 4:58-1 to -6. Defendant LPMG Construction Management, LLC ("LPMG"), appeals from the court's post-trial denial of its application for an award of counsel fees and costs pursuant to Rule 4:58-6.

In February 2018, plaintiff J.P. Electric, Inc. filed a complaint against LPMG (and other defendants that were dismissed from the action). Before trial, LPMG served upon plaintiff in March 2022 an offer of judgment under Rule 4:58-1 "to allow judgment to be entered against it and in favor of [p]laintiff for damages in the amount of $5,000 . . . to resolve all of [p]laintiff's

2

claims in this action of any kind, including all claims for damages of any kind, actual or otherwise . . . ." Plaintiff rejected the offer.

The trial court held a two-day bench trial. At the close of plaintiff's evidence, the court granted LPMG's motion for involuntary dismissal pursuant to Rule 4:37-2(b). Thereafter, LPMG moved for over $50,000 in attorney's fees and costs pursuant to Rule 4:58-6.

The trial court denied defendant's application for fees. In its written decision of October 28, 2022, the court explained that "a dismissal pursuant to R[ule] 4:37-2(b) precludes an award of attorney's fees as it is a dismissal. The court finds R[ule] 4:58-3(c) does not provide for any allowances for fees when 'the claimant's claim is dismissed.'"

On appeal, LPMG argues the trial court misapplied the pertinent Rules, stressing that an involuntary dismissal under Rule 4:37-2(b) represents an adjudication on the merits of the case.

The trial court correctly and sensibly applied the pertinent Rules. "[W]e review the meaning or scope of a court rule de novo, applying 'ordinary principles of statutory construction to interpret the court rules." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Robinson, 229 N.J. 44, 67 (2017)).

Although Rule 4:58-3(a) authorizes an offeror to recover fees "[i]f the

offer of a party other than the claimant is not accepted, and the claimant obtains a judgment . . . that is favorable to the offeror as defined by this rule," that authorization does not apply when "the claimant's claim is dismissed," see Rule 4:58-3(c)(1), or "a no-cause verdict is returned," see Rule 4:58-3(c)(2).

Because a successful motion under Rule 4:37-2(b) results in the "dismissal of the action" as "the plaintiff has shown no right to relief[,]" no verdict was returned so the trial court's denial of fees was manifestly correct. The policy reasons underlying the zero-recovery exceptions to Rule 4:58-3(c) would be undermined if such fee-shifting were permitted. See Schettino v. Roizman Dev., Inc., 158 N.J. 476, 486 (1999) (noting that the preclusion of fee-shifting under the Rule in instances when a plaintiff does not prevail "prevent[s] the transformation of the offer-of-judgment rule into a general fee-shifting rule").

Affirmed. Lest there be any doubt, a mid-trial involuntary dismissal does not entitle a defendant offeror to fee-shifting under the Rule.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0918-22